UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-cv-80701

CHRISTINE M. TROMBLEY and
JANNY G. CLARK,

    Plaintiffs,

v.

THE DENTAL LAW FIRM, PA, d/b/a
SHOCHET LAW GROUP, a Florida corporation,
and RANDALL SHOCHET, an individual,

    Defendants.
_____/

## DEFENDANT, THE DENTAL LAW FIRM, PA'S ANSWER, DEFENSES AND COUNTERCLAIM

Defendant, THE DENTAL LAW FIRM, PA, d/b/a SHOCHET LAW GROUP, a Florida corporation (hereinafter, the "Firm"), by and through its undersigned attorneys, files his Answer and Defenses to the Amended Complaint and Counterclaim, as follows:

### Answer and Defenses

1.    The Firm admits that Clark purports to bring an action seeking overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), but denies any and all liability and denies that Clark is entitled to any relief, whether legal, equitable, or otherwise.

2.    The Firm admits that Clark purports to bring an action seeking overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), but denies any and all liability and denies that Clark is entitled to any relief, whether legal, equitable, or otherwise.

3.    The Firm admits that Clark purports to bring an action seeking overtime

compensation and other relief under the Fair Labor Standards Act ("FLSA"), but denies any and all liability and denies that Clark is entitled to any relief, whether legal, equitable, or otherwise.

4. The Firm admits the allegations of paragraphs 4, 6, 8, 9, 10, 11, 15, 16, 17, 21, and 22.

5. The Firm denies the allegations in paragraphs 5, 18, 19, 20, 23, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, and 37 inclusive of all sub-parts, and demands strict proof.

6. The Firm admits the allegations of paragraph 7, to the extent that Clark was employed by the Firm from on or about July 29, 2013 through September 16, 2013, when she was classified by herself as an employee, and other times from September 16, 2013 to December 13, 2013, when she wrongfully classified herself as an independent contractor.

7. The Firm admits the allegations of paragraph 12, to the extent Clark was employed by the Firm from on or about July 29, 2013 through September 16, 2013, when she was classified by herself as an employee, and other times from September 16, 2013 to December 13, 2013, when she wrongfully classified herself as an independent contractor. The remaining allegations are denied because the Firm is either without knowledge of them or because they constitute legal conclusions to which no response is required, and the Firm further denies any and all liability and that Clark is entitled to any relief, whether legal, equitable, or otherwise, and denies the remainder of paragraph 12, and demands strict proof.

8. The Firm admits the allegations of paragraphs 13 and 14, and 24 to the extent Clark was employed by the Firm from on or about July 29, 2013 through September 16, 2013, when she was classified by herself as an employee, and other times from September 16, 2013 to December 13, 2013, when she wrongfully classified herself as an independent contractor. Clark

was engaged in the operational control of the Firm, and otherwise was involved in the payment of her own wages. The remaining allegations are denied because the Firm is either without knowledge of them or because they constitute legal conclusions to which no response is required, and the Firm further denies any and all liability and that Clark is entitled to any relief, whether legal, equitable, or otherwise, and denies the remainder of paragraphs 13, 14, and 24 and demands strict proof.

9. As to "Count 1" (sic), the Firm restates and reasserts the responses to Paragraphs 1 through 23 above as if fully set forth herein.

10. Clark is not entitled to recover overtime compensation under the FLSA because Clark was at all times properly classified as exempt from minimum wage and overtime compensation in accordance with the FLSA and its accompanying regulations, including, but not limited to, 29 U.S.C. section 213(a)(1) and 29 C.F.R. ss 541.100, 541.200, 541.601, and 541.708.

11. Even assuming, *arguendo*, that Clark was improperly classified as exempt, Clark was compensated accurately and fully for all hours worked, which also never exceeded forty hours in a given week.

12. To the extent that Clark worked overtime without the actual or constructive knowledge of the Firm, Clark is not entitled to compensation for any such overtime hours worked.

13. If the Firm violated the FLSA, then overtime compensation must be computed at one half the regular rate of pay for each overtime hour worked.

14. During all or part of the applicable period, the Firm acted in good faith and with reasonable grounds for believing that its acts or omissions were not in violation of the FLSA, and

therefore cannot be held liable for liquidated damages under the FLSA.

15. Any alleged acts or omissions by the Firm were in good faith conformance with and in reliance on written administrative regulations, orders, rulings, approvals, or interpretation of the Administrator of the Wage and Hour Division, Department of Labor, or an administrative practice or enforcement policy of such agency and/or judicial orders and interpretations with respect to the class of employers to which the Firm belongs.

16. To the extent that the Firm is indebted to Clark for any unpaid overtime compensation, the extent of the Firm's liability must be offset by the amounts paid or overpaid to Clark during her employment or by any amounts owed by Clark to the Firm.

17. To the extent that the Firm's overtime liability is *de minimis*, claims for such amount are not subject to payment and do not constitute violations of the FLSA.

18. Clark's claims are barred by the doctrines of estoppel and unclean hands as shown by Clark's acts outlined in the counterclaim to this lawsuit.

19. The Firm reserves the right to assert additional defenses as may appear applicable during the course of this action.

WHEREFORE, having fully responded to the allegations set forth in Clark's complaint, the Firm respectfully requests that Clark's complaint be dismissed with prejudice, that each and every prayer for relief in Clark's complaint be denied, that judgment be entered in the Firm's favor on Clark's complaint, that all recoverable costs and attorney's fees be awarded to the Firm and against Clark and that the Court grant the Firm such other relief as deemed just and appropriate.

## COUNTERCLAIM

Having answered the complaint, The Firm ("Counter-Clamant") now sues Clark, and states:

### Nature of the Action

1. This is an action seeking damages, including attorney's fees and costs, for breach of fiduciary duty, constructive fraud, and a Civil Cause of Action under Fla. Stat § 772.104.

2. Jurisdiction and venue are appropriate in this Court where they have been invoked by the Plaintiff and where the actions complained of occurred in Palm Beach County, Florida. The parties to this Counterclaim are as set forth and described in Plaintiff's complaint.

### General Factual Allegations

3. Clark was employed as Office Manager for the Firm from on or about July 29, 2013 up to December 16, 2013.

4. Clark never worked more than thirty-five hours in any given workweek during this entire time.

5. As part of her job duties, Clark approved overtime hours for employees.

6. As part of her job duties, Clark directly supervised, including, without limitation, hiring and firing, more than one non-attorney personnel at all times.

7. As part of her job duties, Clark entered payroll hours for every employee, including herself, each payroll period, which was every two weeks, using the Firm's online account with www.paychex.com ("Paychex").

8. When Clark was initially hired on July 29, 2013, she filled out paperwork for Paychex, as an employee with the name of "Janis L. Clark (Janny)," in which she declared herself

an employee, whose earnings were taxable under federal law, including, without limitation, taxes for Social Security, Medicare, and Federal Unemployment Taxes.

9.     On or about September 16, 2013, Clark, using computer access to Paychex which was given to her as Office Manager of the Firm, and without authorization or permission from the Firm, created a "new" person under Paychex, with the name of "Janis Lynn Clark," in which she declared herself an "independent contractor," who, as of September 16, 2013, gave as the reason for being an independent contractor as "Begin (sic) Contract." That same day, Clark, using computer access to Paychex which was given to her as Office Manager of the Firm, declared that the earnings for Janis Lynn Clark were not taxable under federal law, including, without limitation, taxes for Social Security, Medicare, and Federal Unemployment Taxes. Clark declared on Paychex that all earnings for "Janis Lynn Clark" after September 16, 2013 were "1099 Misc Comp," as opposed to "Wages/Salary." As a result of the above acts, Clark derived and retained additional proceeds to which she was not entitled under Federal Law, and also exposed the Firm to liability as Clark was never an independent contractor.

10.    On or about October 2, 2013, Clark, realizing she now had two identities on Paychex, used computer access to Paychex which was given to her as Office Manager of the Firm, to "inactivate" the employee named "Janis L. Clark (Janny)" on Paychex and gave the reason as "on leave."

11.    After October 2, 2013, but before her departure on December 16, 2013, Clark, using computer access to Paychex which is given to her as Office Manager of the Firm, entered payment for "Janis Lynn Clark," the "independent contractor" for at least ten complete days when she was <u>completely absent</u> from the Firm. As a result of the above acts, Clark derived and

retained additional proceeds to which she was not entitled.

12. During her time as Office Manager, and unknown to the Firm, Clark created an Administrative account for her own use on Paychex, in which payroll hours could be reported by phone by her, and her only, instead of by the Internet Web portal created by Paychex for the Firm.

13. After she was terminated on December 16, 2013, Clark, on December 18, 2013, used the telephone Administrative Account on Paychex, and attempted to phone in a "payroll request" in her name and in her name only, for "Janis Lynn Clark." Through great efforts, using Paychex employees and Firm staff after hours, this attempt was thwarted at the last minute.

## Count 1

### Breach of Fiduciary Duty/Constructive Fraud

14. The Firm repeats and realleges the allegations contained in paragraphs 1 through 14 as if same were more fully set forth herein.

15. The Firm shared a relationship with Clark whereby it reposed trust and confidence in Clark, and Clark undertook such trust and assumed a fiduciary duty to advise, counsel and/or protect the Firm.

16. The acts of Clark described above show Clark's breach of her fiduciary duty to advise, counsel and/or protect the Firm.

17. The acts of Clark described above show the Clark abused her duty to the Firm under a confidential and/or fiduciary relationship.

18. Said acts were a proximate and natural cause of economic losses to the Firm.

WHEREFORE, the Firm requests this Honorable Court to enter judgment in its favor

and against Clark for breach of fiduciary duty, and such other relief this Court deems just and proper.

## Count 2

### Complaint under Florida Statute § 772.104

19.     The Firm repeats and realleges the allegations contained in paragraphs 1 through 14 as if same were more fully set forth herein.

20.     Clark's acts constitute violations of Chapter 815 ("Computer Related Crimes"), including Florida Statute 815.04, and of Chapter 817 ("Relating to fraudulent practices, false pretenses, fraud generally, and credit card crimes"), including, without limitation, Florida Statute 817.03 ("making false statement to obtain property or credit"), Florida Statute 817.034 ("The Florida Communications Fraud Act"), and Florida Statute 817.568 ("Criminal use of personal identification information").

21.     Clark, with criminal intent, received proceeds derived, directly or indirectly, from a pattern of criminal activity.

22.     As a result the Firm suffered damages and has been injured.

23.     Claim for Attorney Fees and Costs. The Firm has hired The Asset Shield Law Group to prosecute its claims and has agreed to pay the law firm a reasonable fee for services rendered.

24.     The Firm is entitled to recover all fees and costs incurred in this lawsuit pursuant to Fla. Stat § 772.104.

WHEREFORE, the Firm demands judgment against Clark for threefold the actual damages sustained and is entitled to minimum damages in the amount of $200, and reasonable

attorney's fees and court costs as provided in §772.104, Fla. Stat., and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Firm further demands a trial by jury on all issues so triable.

Respectfully submitted,
THE ASSET SHIELD LAW GROUP


By:/s/ *Christian Posada*
Christian Posada, Esquire
( Florida Bar No.  484792)
4897 Jog Road
Greenacres, FL 33467
Telephone: (561) 244-5308
Facsimile: (561) 253-2695
Primary Email: Cposada@assetshieldlaw.com
Secondary Email: Paralegal@assetshieldlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of September, 2014, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

/s/ *Christian Posada*
Christian Posada

## SERVICE LIST

CATHLEEN SCOTT & ASSOCIATES, P.A.
Attorneys for Plaintiff
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone:    (561) 653-0008

Facsimile: (561) 653-0020
Cscott@floridalaborlawyer.com
Mail@floridalaborlawyer.com


CHRISTIAN POSADA, ESQ.
THE ASSET SHIELD LAW GROUP
Attorneys for Defendants
4897 Jog Road
Greenacres, Florida 33467
Telephone: (561) 244-5308
Facsimile: (561) 253-2695
Cposada@assetshieldlaw.com
Paralegal@assetshieldlaw.com